UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BODY XCHANGE SPORTS CLUB, LLC, <br><br>   Plaintiff, <br><br>   v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, <br><br>   Defendant. | Case No.: 1:20-cv-01518-NONE-JLT <br><br> ORDER GRANTING DEFENDANT'S UNOPPOSED[1] MOTION TO STAY <br><br> (Doc. 23) |

On June 14, 2021, Defendant filed a motion to stay discovery. (Doc. 23.) The motion includes a stipulation that the parties agree to seek a temporary discovery stay until the Court issues a decision on Defendant's pending motion for judgment on the pleadings. (Doc. 23-1 at 4-6.) For the reasons set forth below, Defendant's request for a stay is **GRANTED**.

**I.     Relevant Background**

Plaintiff filed this lawsuit on July 21, 2020, asserting two causes of action for breach of the implied covenant of good faith and fair dealing and breach of contract. (See Doc. 1-1 at 4-25). Defendant removed this case on October 28, 2020 based on diversity jurisdiction. (See Doc. 1 at 3.) On January 15, 2021, the parties filed their Rule 26(f) joint scheduling report. (Doc. 9.) Defendant

---

[1] The defendant agreed to the stay. (Doc. 23-1 at 5) Thus, the Court sees no point in awaiting the expiration of the opposition period before issuing this order.

1

alleges that the main legal dispute between the parties is whether coverage exists under the policy issued by Defendant for Plaintiff's alleged COVID-19 related losses. (Doc. 23 at 5.) The Court issued a scheduling order where it ordered the parties, among other things, "to complete all discovery pertaining to non-experts on or before **August 27, 2021** and all discovery pertaining to experts on or before **November 5, 2021**." (Doc. 10 at 2) (emphasis in the original). In addition, "[t]he parties [were] directed to disclose all expert witnesses, in writing, on or before **September 10, 2021**, and to disclose all rebuttal experts on or before **October 8, 2021**." (Id.) (emphasis in the original).

On May 3, 2021, the parties submitted their mid-discovery status report. (Doc. 13.) In the status report, the parties asserted that "in an effort to expedite this litigation and avoid unnecessary discovery into damages, the parties have conferred upon Zurich's intent to file a Motion for Judgment on the Pleadings . . ." (Id. at 2-3.) The parties also agreed that "all key documents necessary for the court to make a decision concerning the primary coverage issue have been disclosed." (Id. at 2.) The status report states that "the parties will need to complete their remaining discovery" if Defendant's motion is denied. (Id. at 3.) According to the Defendant, if the parties have to complete remaining discovery, they will need to take the depositions of witnesses identified in the initial disclosures, and Defendant would need to complete discovery relating to the claimed financial losses. (Id.)

On May 4, 2021, the Court issued a minute order ordering Defendant to file its motion for judgment on the pleadings no later than May 14, 2021. (Doc. 14.) The minute order also advised that "[t]he parties may seek to stay the case after the motion is filed, assuming they can show good cause for it." (Id.) On May 12, 2021, Defendant filed its motion for judgment on the pleadings. (Doc. 15.) On May 13, 2021, the Court issued a minute order holding that no hearing will be calendared, and the matter will be decided on the papers. (Doc. 17.)

The parties served their initial disclosures on February 22, 2021, in compliance with this Court's order. (Doc. 23-1, Chiu Decl. Exh. B, Exh. C.) In Plaintiff's initial disclosures, Plaintiff identified five witnesses that may have discoverable information. (Doc. 23-1 at 9-10.) In terms of damages, Plaintiff alleges losses over $2 million and that it "has not yet returned to the same level of business it enjoyed before its business was suspended." (Id. at 12.) In Defendant's initial disclosures, Defendant identified ten witnesses that may have discoverable information. (Doc. 23-1 at 19-20.)

Both parties have propounded written discovery, but according to the parties, the discovery responses will not have any bearing on the motion. (See Doc. 13 at 2.) Both parties have a copy of the insurance policy effective September 3, 2019 to September 3, 2020, and the parties do not dispute the authenticity or contents of the policy—only the legal questions regarding whether coverage exists under the policy. (See Doc. 9 at 5.) Defendant reports that to conserve resources, the parties have not taken any depositions or completed discovery relating to Plaintiff's damages. (See Doc. 13 at 2-3.)

Defendant reports that on May 20, 2021, the parties met and conferred regarding seeking a discovery stay until this Court issues a decision on Defendant's pending motion for judgment on the pleadings. (Doc. 23 at 7.) As stated in the stipulation regarding the discovery stay, the parties agree that such a stay would conserve the resources of the Court and the parties, and that Defendant would file a motion to stay discovery based on the parties' agreement. (See Doc. 23-1 at 5.) On June 14, 2021, Defendant filed the instant motion to stay discovery. (Doc. 23).

**II.     Legal Standards**

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. *Id.* (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery

3

because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When evaluating a motion to stay, district courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id*. The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id*. If either prong is not met, discovery should proceed. *Id*.

### III.  Discussion and Analysis

Regarding the first prong, Defendant asserts that its motion for judgment on the pleadings is dispositive of the entire case. (Doc. 23 at 8.) Defendant contends that the parties' dispute regarding coverage is a legal one that requires resolution by this Court. (Id.) Through meet and confer discussions, the parties agree that to avoid protracted litigation and expensive discovery, Defendant would file its motion for judgment on the pleadings. (Id.; see Doc. 13 at 2-3.) Based on Defendants' argument, if the Court were to find that COVID-19 related losses do not constitute direct physical loss of or damage to property and that no coverage exists under the policy, then Defendant's motion would dispose of Plaintiff's entire case. (Doc. 23 at 8.) Accordingly, Defendant's motion is dispositive of Plaintiff's entire case, satisfying the first prong of the two-prong test for a discovery stay.

As to the second prong, Defendant contends that its motion for judgment on the pleadings can be decided absent additional discovery. (Doc. 23 at 9.) According to the Defendant, the parties have disclosed all essential information, such as the policy and the "stay-at-home" orders at issue, that is necessary for the Court to rule on Defendant's motion. (See Doc. 13 at 2.) Defendant asserts that Plaintiff will not need to conduct any additional discovery to prepare its opposing papers to

Defendant's motion because the issues set forth in the motion are purely legal. (Doc. 23 at 9.) Defendant alleges that if its motion is denied, the remaining discovery that needs to be conducted, such as discovery on damages, will not have any bearing on the legal issues set forth in Defendant's motion. (Id.) Defendant claims that if it has to complete its remaining discovery, it would need to conduct discovery relating to Plaintiff's alleged losses at each insured location, including the business operations at each insured location before and after the pandemic and how each insured location was affected by each "stay-at-home" order issued since the beginning of the pandemic. (Id.) Defendant claims that based on the initial disclosures by both parties, multiple depositions would likely have to take place to complete such discovery. (Id.) As Defendant asserts, this would be a costly undertaking by both parties, and none of it would have any impact on the legal issues pertaining to coverage raised by the motion. (Id.) Moreover, the parties agree that no additional discovery is required for the Court to rule on Defendant's motion, and the second prong of the two-pronged test is also satisfied.

Furthermore, both parties agree that it would be costly to complete their respective remaining discovery, including the taking of depositions of potential witnesses listed in the initial disclosures, conducting extensive discovery into Plaintiff's damages, and engaging in expert discovery. (Doc. 23 at 10; Doc. 13 at 2-3.) The parties would like to avoid having to expend unnecessary resources in engaging extensive discovery because Defendant's motion may dispose of Plaintiff's entire action. (See id.) The Court previously advised that "[t]he parties may seek to stay the case after the motion is filed, assuming they can show good cause for it." (Doc. 14.) Having shown good cause for the request, the Court will grant the motion to stay.

///
///
///
///
///
///
///
///

### IV.     Conclusion

For the foregoing reasons, Defendant's motion to stay discovery (Doc. 23) is **GRANTED** pending resolution of the motion for judgment on the pleadings. Within 21 days after the Court's ruling on the motion for judgment on the pleadings, unless the ruling completely disposes of the case, counsel SHALL file a joint report detailing the status of the case, including whether the stay should be lifted and, if so, proposing dates to reschedule the case.

IT IS SO ORDERED.

Dated:    **June 16, 2021**              _ **/s/ Jennifer L. Thurston**
                                          CHIEF UNITED STATES MAGISTRATE JUDGE